IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:12 CV 285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| EDWARD MARTIN, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion by Special Defense Counsel On Behalf of Certain Defendants for Pretrial Release.  (ECF #600).  The motion is opposed by the United States Government with respect to each Defendant named in the motion.  (ECF #629).  Several of the individual defendants referenced in the Special Defense Counsel's Motion have also filed their own independent motions for pretrial release or release pending sentencing. (ECF #545, 554, 556, 564, 617, 661, 672 ).  The government has also filed motions opposing some of these individual motions.  (ECF #547, 555, 557 ).

The Court held a hearing on these motions on November 30, 2012.  Prior to the hearing Defendants Guy Brown, Semaj Davis, Tyrone Hill, Douglas Kittrells, Bruce Parker, Aaron Strange, and William Taylor withdrew their requests for pretrial release.  Following the hearing, the Court gave Defendants until December 5th, 2012 to file any supplements they wished to have considered.   Defendants Irin Green and Anthony McKenzie filed supplemental motions.  (ECF #779, 787).

Defendants Irin Green, Ykeam Jefferson, Thomas McDonald, Ralph Walker, and Jessi White had previously waived any detention hearing. (ECF #74, 129, 174, 216, 255).  At the time of the waiver, each reserved his right to revisit the issue of detention at a later time. Defendants Anthony McKenzie and Chioke Whitmore were previously ordered detained following a detention hearing before a Magistrate. (#212, 231, 175, 185).  Defendants Thomas McDonald, Anthony McKenzie, Ralph Walker, Jessi White, and Chioke Whitmore have all pled guilty in this case and are currently awaiting sentencing.  (ECF # 677, 678, 682, 767, 782).

A statutory presumption against pretrial release is in place when there is probable cause to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act.  18 U.S.C. § 3142(e).  In this case, each of the defendants has been charged with such an offense.  Further, when determining, under the Bail Reform Act, whether any conditions or combination of conditions exist that will reasonably assure the appearance of the person as required and the safety of the community, the safety of the community includes any impact that would arise by a defendant's continued engagement in drug trafficking.  S. Rep. No. 98-225, U.S. Code & Admin. News at p. 3196; *Accord, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

The burden of overcoming this presumption is heavy and cannot be overcome just by the proffer of some contrary evidence, such as demonstrating familial or other ties to the community.  In considering these requests, the Court is bound to look at the Section 3142(e) factors including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and the defendant's criminal history.  The government's brief in opposition to the motions for release specifically set forth the reasons why this presumption applies to Defendants Irin Green and Ykeam Jefferson.  Both of these defendants are facing drug

charges with a maximum penalty exceeding ten years, and Mr. Jefferson could be facing life in prison.  Further both of these defendants have lengthy criminal records including prior felony drug convictions.   Neither have provided any information or evidence that would counter, let alone overcome the presumption of detention in this case, and neither has presented any change of circumstances that would justify altering the detention order at this juncture of the proceedings.

With regard to those Defendants who have already pled guilty in connection with this case, there is a presumption against post-conviction release based on many of the same factors outlined above.  The burden of proving an exception to the presumption, falls upon the Defendant.  *See United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).  The presumption post-conviction is even stronger as the defendant's guilt has been admitted or determined, and sentencing is imminent.  There is only one defendant awaiting sentencing who has attempted to show a change in circumstances or other justification that could arguably counter the presumption of post-conviction detention in this case.  Anthony McKenzie contends that he has health problems stemming from a diagnosis of Diabetes Mellitus that could be better addressed if he were to be  released.  He argues that he should be released from detention on home monitoring pending his sentencing in order to get his health and other affairs in order prior to his sentencing.   His attorney submitted medical documentation evidencing his diagnosis.   This diagnosis, however, was obtained prior to his original detention hearing and Mr. McKenzie has provided no evidence, other than an indication that he has lost weight and may not be properly receiving his medication, that would indicate that he has become less of a flight risk, or less dangerous to the community.  The detention hearing made clear that Mr. McKenzie has a significant criminal history including a felony conviction for a crime of violence, and that he has

a record of failing to appear at court mandated proceedings.  Any issues Mr. McKenzie may be having obtaining the proper medication for his medical condition can be addressed with the Bureau of Prisons or directly with the Northeast Ohio Correctional Center where he is currently housed.  These institutions are well equipped and prepared to handle medical issues such as his if presented with the proper documentation and diagnosis.

Having reviewed all of the arguments set forth in the joint motion, and in each individual motion for release, the Court finds that there is no evidence of a change in circumstances with any Defendant since their original detention.  Further, there is no evidence that has been submitted that could override the presumption of detention that applied to each of these defendants, or that could ensure the safety of the community or the appearance of the defendants.  For these reasons, the following motions are hereby denied: ECF # 545, 554, 556, 564, 617, 600, 661, and 672.  **IT IS SO ORDERED**

  /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:     December 13, 2012