**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Thomas McDonald, | ) | JUDGE DONALD C. NUGENT |
| Petitioner, | ) | CASE NO. 1:12-cr-285 |
| | ) | CASE NO. 1:14-cv-772 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF #1413). The Government filed a Response in opposition to Motion to Vacate under 28 U.S.C. § 2255. (ECF #1421). For the reasons set forth below, the Petitioner's Motion is DISMISSED.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 30, 2012 Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846. (ECF #767). This court then sentenced Defendant to 78 months imprisonment based on a total offense level of 26 plus a criminal history category of three. Judgment was entered on April 29, 2013. (ECF #1221). Defendant did not appeal.

Defendant now brings before this court his Motion to Vacate, claiming that he received ineffective assistance of counsel as to the calculation of his criminal history score and his criminal history category three. (ECF #1413).

1

## DISCUSSION

### A.        28 U.S.C. § 2255 MOTION TO VACATE

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that:(1) the sentence was imposed in violation of the Constitution or laws of the United States; or (2) that the court was without jurisdiction to impose such sentence; or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  In his motion to vacate, Defendant only alleged that the sentence was imposed in violation of the Constitution or laws of the United States.

Defendant's burden is higher on a section 2255 motion than on direct appeal.  "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### B.        INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant seeking to establish ineffective assistance of counsel must satisfy the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), which established the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

### 1. THE DEFENDANT MUST SHOW THAT COUNSEL'S PERFORMANCE WAS DEFICIENT.

To establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The performance inquiry must consider the prevailing circumstances at the time of trial and should not be conducted in a vacuum. *Id.* at 688.

A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citations omitted). The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Here, McDonald was afforded effective assistance of counsel because his attorney's performance did not fall below the "objective standard of reasonableness" called for in *Strickland*. Attorney McGinty did object to the criminal history computation that was calculated in court. Attorney McGinty submitted an objection to the Presentence Report on January 15, 2013, disputing the applicability of the two points under § 4A1.1(d). (ECF #1021). Furthermore, Attorney McGinty filed a sentencing memorandum arguing that the criminal history computation set forth in the Presentence Report "grossly overstates and distorts [McDonald's] criminal history" and specifically requested that this Court "reduce the criminal history computation prior to imposing sentence." (ECF #1202).

Thus, Petitioner's argument that Attorney McGinty was ineffective for failing to raise the foregoing arguments on appeal is clearly contradicted by the record and meritless.

### 2. THE ERROR MUST ALSO PREJUDICE THE DEFENSE SUCH THAT, BUT FOR COUNSEL'S ERROR, THE DEFENDANT WOULD NOT HAVE PLED GUILTY.

An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* 466 U.S. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 692. The defendant needs to show more than "the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id*. at 693. To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In the context of a guilty plea, a defendant seeking to establish the *Strickland* prejudice requirement must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would instead have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, McDonald was not deprived of fair proceedings and has failed to show how the alleged errors would have impacted the outcome of his case. McDonald cannot show that there is a reasonable probability that, but for counsel's alleged errors, failing to obtain a further reduction in McDonald's Criminal History Category, that he would not have pled guilty and instead would have insisted on proceeding with trial. The final calculation of criminal history points, plus the determination of the criminal history category occurs after a plea has been

4

entered. Therefore, any claim based on a miscalculation of the criminal history category could not be found to impact a defendant's original decision to plead guilty. McDonald does not satisfy the *Strickland* standard of prejudice in the guilty plea context. See *Hill*, 474 U.S. at 59.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

## CONCLUSION

For the reasons set forth above, the Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (ECF #1413) is DISMISSED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2255(c); FED. R. APP. P. 22(b)

IT IS SO ORDERED.

          /s/Donald C. Nugent
          DONALD C. NUGENT
          United States District Judge

DATED:  June 27, 2014